UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EUGENE FRAZIER and WILLIAM GONZALEZ,   )   **COMPLAINT**
                                       )
              Plaintiffs,              )
                                       )   **JURY TRIAL DEMANDED**
    -against-                          )
                                       )   **ECF CASE**
THE CITY OF NEW YORK; NEW YORK CITY    )
POLICE DETECTIVE GEORGE HENGES, Shield )   **08 Civ. 3472 (JGK)(JCF)**
No. 06287; JOHN DOES and RICHARD ROES, )
                                       )
              Defendants.              )
------------------------------------------------------------X

## **PRELIMINARY STATEMENT**

1.      This is a civil action in which the plaintiffs, EUGENE FRAZIER and WILLIAM GONZALEZ, seek relief for the defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its First, Fourth and Fourteenth Amendments and by the laws and Constitution of the State of New York. The plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## **JURISDICTION**

2.      This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3.      The plaintiffs further invoke this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to

claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.  Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5.  Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.  Plaintiff EUGENE FRAZIER filed timely Notices of Claim with the Comptroller of the City of New York on April 9, 2007, within 90 days of his arrest and the accompanying abuse by the police complained of herein, and on July 30, 2007, within 90 days of the dismissal of criminal charges against him.  More than 30 days have elapsed since the filing of the Notices of Claim, and adjustment or payment thereof has been neglected or refused.

7.  Plaintiff WILLIAM GONZALEZ has filed an application seeking leave to file a late notice of claim.  That application is pending before the Hon. Eileen A. Rakower in Supreme Court of the State of New York, New York County, under Index No. 08/105063.

## PARTIES

8.  Plaintiffs EUGENE FRAZIER and WILLIAM GONZALEZ are citizens and residents of the United States.  Plaintiffs were at all times relevant herein residents of the State of New York, County of the Bronx.

9.  Defendant THE CITY OF NEW YORK is and was at all times relevant herein a

municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

10. Defendants HENGES and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants HENGES and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants HENGES and JOHN DOES are sued individually and in their official capacity.

11. Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants RICHARD ROES are and were at all times relevant herein

acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants RICHARD ROES are sued individually and in their official capacity.

## STATEMENT OF FACTS

12. On January 10, 2007, plaintiffs were inside a private social club of which they are members located at 3824 3rd Avenue, Bronx, NY.  Other members were also inside of the club, and a number of them were watching a basketball game on television.

13. Shortly before midnight there was a knock on the front door, and plaintiff EUGENE FRAZIER went to the vestibule at the front of the club to answer the front door.

14. Two uniformed JOHN DOE defendants were at the front door and asked, in sum and substance, if there was any problem inside.

15. Plaintiff EUGENE FRAZIER told these two uniformed JOHN DOE defendants, in sum and substance, that there was no problem inside, invited these two uniformed JOHN DOE defendants into the vestibule, and told them they could come and look into the club to assure themselves that there indeed was no problem.

16. As the door was opened for the two JOHN DOE defendants, approximately ten or more plain clothes JOHN DOE defendants (some of whom had "NYPD" written on the backs of their jackets), whose presence were not known to plaintiff EUGENE FRAZIER, rushed into the vestibule.

17. Officers entered the club from the vestibule with their guns drawn.

18. Plaintiff EUGENE FRAZIER asked the police in the vestibule if they had a warrant to enter the club, but no reply to that query was provided.

19. The people inside the club, including plaintiff WILLIAM GONZALEZ, had guns put to their heads, and were thrown to the floor and handcuffed.

20. Plaintiff EUGENE FRAZIER was handcuffed in the vestibule.

21. The police proceeded to search the club, including with the use of dogs.

22. The people in the club, including plaintiffs, were taken one by one to the bathrooms and subjected to strip searches.

23. The people in the club, including plaintiffs, were subjected to excessively tight handcuffing. When plaintiff WILLIAM GONZALEZ complained about pain from the tightness of the handcuffs the police did not loosen his handcuffs.

24. On information and belief, other police entered the club through the rear door of the club, which was opened for them by the police who had entered initially through the vestibule.

25. Plaintiffs and the other arrestees from the club were taken to the 33rd Precinct in Manhattan. One of the arrestees, however, who was a New York City bus driver, was released from the club without charges.

26. Two of the other arrestees from the club were released from the 33rd Precinct without charges.

27. At the 33rd Precinct plaintiffs were subjected to a further strip search, which was more invasive than that which took place in the bathroom at the club.

28. Plaintiffs' property was taken from them.

29. Plaintiff EUGENE FRAZIER had approximately $520 taken from him by the police, along with his cellular phone. No voucher was provided to him at the precinct, and he has never received his money or property back.

30. Plaintiff WILLIAM GONZALEZ had approximately $3000 taken from him by the police, along with his cellular phone and keys. No voucher was provided to him at the precinct, and he has never received his money or property back. A voucher that only accounted for $999 was provided to his lawyer, but he has never received the correct voucher for his approximately $3000 and his other property, and the property clerk did not give him any of his money or property upon request.

31. Plaintiffs and other arrestees from the club were taken to Central Booking in Manhattan, where they were held all the next day.

32. Plaintiff WILLIAM GONZALEZ was released on the night of January 11, 2007.

33. Plaintiff EUGENE FRAZIER was released the next day, on January 12, 2007.

34. Both plaintiffs were each charged with one count of violation of Penal Law 220.16(1), Criminal Possession Controlled Substance in the Third Degree, one count of violation of Penal Law 220.06(5), Criminal Possession Controlled Substance in the Fifth Degree, and one count of violation of Penal Law 221.05, Unlawful Possession of Marijuana on a Criminal Court complaint along with two other co-defendants (and two further co-defendants who were charged, on information and belief, on a separate charging instrument).

35. The Criminal Court complaint states that drugs were recovered from the persons of the two co-defendants also listed on plaintiffs' Criminal Court complaint and from a shelf in

the second floor office of the location, but makes no indication of any drugs on or near the plaintiffs. The Criminal Court complaint simply states in conclusory fashion that all the defendants were acting in concert and that all "exercised dominion and control over the above location in that the location is a private social club."

36. The Criminal Court complaint is sworn to by defendant DETECTIVE HENGES.

37. The Criminal Court complaint falsely states, *inter alia*, that plaintiff WILLIAM GONZALEZ was standing next to plaintiff EUGENE FRAZIER when plaintiff EUGENE FRAZIER opened the door.

38. The plaintiffs did not have anything to do with any drugs on the night of their arrests, and there was no reasonable basis for the police to think that they had anything to do with any drugs. Their arrests, and the abusive treatment they sustained from the police, was manifestly unreasonable and without cause or justification.

39. All charges against plaintiffs were dismissed in their entirety on May 8, 2007

40. The police did significant physical damage to the club during the raid on January 10, 2007.

41. The NYPD has also similarly illegally raided the club on a number of other occasions, and similarly arrested and abused club members on those occasions.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

42. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

43. By their conduct and actions in falsely arresting and imprisoning plaintiffs,

assaulting and battering plaintiffs, trespassing upon plaintiffs and the social club of which they are members, maliciously prosecuting plaintiffs, abusing process against plaintiffs, violating rights to equal protection of plaintiffs, violating rights to substantive due process of plaintiffs, violating associative rights of plaintiffs, invading plaintiffs' privacy and strip searching plaintiffs, fabricating an account and/or evidence concerning the arrest of plaintiffs, failing to intercede on behalf of the plaintiffs and in failing to protect the plaintiffs from the unjustified and unconstitutional treatment they received at the hands of other defendants, defendants HENGES, DOES and/or ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

44.  As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

45.  The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

46.  By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants RICHARD ROES caused damage and injury in violation of plaintiffs' rights

guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

47.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

### THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

48.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

49.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

50.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

51.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto

policies, practices, customs and/or usages of engaging in illegal and harassing raids and arrests, particularly upon people of color, and failing to assure that proper procedures were implemented regarding the obtaining of and /or execution of search warrants and the use of information garnered through confidential informants, and of failing to properly train, supervise or discipline police supervisors and subordinate officers to prevent them from failing to assure that proper procedures were implemented.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

52.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

53.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## FOURTH CLAIM

**RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK
FOR STATE LAW VIOLATIONS**

54.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

55.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions

as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiffs pursuant to the state common law doctrine of respondeat superior.

56.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

57.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

58.     By the actions described above, defendants did inflict assault and battery upon the plaintiffs. The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

59.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

60.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

61. By the actions described above, defendants caused plaintiffs to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

62. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SEVENTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

63. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

64. By the actions described above, defendants violated plaintiffs' rights to equal protection of law. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

65. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## EIGHTH CLAIM

### MALICIOUS PROSECUTION

66. The plaintiffs incorporate by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

67. By the actions described above, defendants maliciously prosecuted plaintiffs without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

68. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## NINTH CLAIM

## ABUSE OF PROCESS

69. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

70. By the conduct and actions described above, defendants employed regularly issued process against plaintiffs compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiffs without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiffs which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

71. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and

expenses, and were otherwise damaged and injured.

## TENTH CLAIM

### VIOLATION OF THE EXERCISE OF RIGHTS TO FREE ASSEMBLY

72. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

73. By the actions described above, defendants violated the free assembly rights of plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

74. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## ELEVENTH CLAIM

### TRESPASS

75. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

76. The defendants willfully, wrongfully and unlawfully trespassed upon 3824 3rd Avenue, Bronx, NY and upon the persons of plaintiffs.

77. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## TWELFTH CLAIM

**INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

78. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

79. By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused severe emotional distress to plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

80. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

**THIRTEENTH CLAIM**

**NEGLIGENCE**

81. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

82. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

83. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and

expenses, and were otherwise damaged and injured.

## FOURTEENTH CLAIM

**NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING**

84.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

85.     Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

86.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

WHEREFORE, the plaintiffs demand the following relief jointly and severally against all of the defendants:

      a. Compensatory damages;

      b. Punitive damages;

      c. The convening and empaneling of a jury to consider the merits of the claims herein;

      d. Costs and interest and attorney's fees;

      e. Such other and further relief as this court may deem appropriate and equitable.

Dated:  New York, New York
        April 9, 2008

                                        _____/S/_____
                                        JEFFREY A. ROTHMAN, Esq.
                                        (JR-0398)
                                        315 Broadway, Suite 200
                                        New York, New York 10007
                                        (212) 227-2980
                                        Attorney for Plaintiffs