UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

EUGENE FRAZIER and WILLIAM GONZALEZ,

                                                            Plaintiff,

-against-

THE CITY OF NEW YORK, et. al.,

                                                            Defendants.

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANTS CITY OF NEW YORK AND DETECTIVE GEORGE HENGES TO FIRST AMENDED COMPLAINT**

08 CV 3472 (JGK)(JCF)

**Jury Trial Demanded**

        Defendants City of New York and Detective George Henges, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to plaintiffs' complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph 1 of the complaint, except admit that plaintiff purports to proceed in this action.

        2.     Deny the allegations set forth in paragraph 2 of the complaint, except admit that plaintiff purports to proceed in this action and invoke the jurisdiction of the Court as stated therein.

        3.     Deny the allegations set forth in paragraph 3 of the complaint, except admit that plaintiff purports to proceed in this action and invoke the jurisdiction of the Court as stated therein.

        4.     Deny the allegations set forth in paragraph 4 of the complaint, except admit that plaintiff purports to demand a trial by jury.

        5.     Admit only that venue is proper in this District.

        6.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the complaint.

9. Deny the allegations set forth in paragraph 9 other than the defendant City of New York is a municipality and maintains a police department.

10. Deny the allegations set forth in paragraph 10 except admit that defendant Detective George Henges is employed by the New York City Police Department and state that the remainder of the statements are conclusions of law.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the complaint.

12. Deny the allegations in paragraph 12 of the complaint.

13. Deny the allegations in paragraph 13 of the complaint.

14. Deny the allegations in paragraph 14 of the complaint.

15. Deny the allegations in paragraph 15 of the complaint.

16. Deny the allegations in paragraph 16 of the complaint other than that NYPD police officers lawfully entered the premises located at 3824 3rd Ave. on January 10, 2007.

17. Deny the allegations in paragraph 17 of the complaint other than that NYPD police officers lawfully entered the premises located at 3824 3rd Ave. on January 10, 2007.

18. Deny the allegations in paragraph 18 of the complaint.

19. Deny the allegations in paragraph 19 of the complaint other than that NYPD police officers lawfully entered the premises located at 3824 3rd Ave. on January 10, 2007.

20. Admit only that plaintiff Eugene Frazier was handcuffed.

21. Deny the allegations in paragraph 21 of the complaint other than that the subject premises were lawfully searched by NYPD officers.

22. Deny the allegations in paragraph 22 of the complaint.

23. Deny the allegations in paragraph 23 of the complaint.

24. Deny the allegations in paragraph 24 of the complaint other than that NYPD police officers lawfully entered the premises located at 3824 3rd Ave. on January 10, 2007.

25. Deny the allegations in paragraph 25 of the complaint other than that certain arrestees were taken to the 33rd Precinct for processing.

26. Deny the allegations in paragraph 26 of the complaint other than that certain arrestees were taken to the 33rd Precinct for processing.

27. Deny the allegations in paragraph 27 of the complaint.

28. Deny the allegations in paragraph 28 of the complaint.

29. Deny the allegations in paragraph 29 of the complaint other than that certain amounts of cash were found in the possession of plaintiff Eugene Frazier.

30. Deny the allegations in paragraph 30 of the complaint other than that certain amounts of cash were found in the possession of plaintiff Eugene Frazier.

31. Deny the allegations in paragraph 31 of the complaint other than that certain arrestees were processed at Manhattan Central Booking.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the complaint.

34. Defendants assert that the violations of which plaintiffs were charged speak for themselves.

35. Defendants assert that the violations of which plaintiffs were charged speak for themselves.

36. Admit that the criminal court complaint was signed by Detective George Henges.

37. Deny the allegations in paragraph 37 of the complaint.

38. Deny the allegations in paragraph 38 of the complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the complaint.

40. Deny the allegations in paragraph 40 of the complaint.

41. Deny the allegations in paragraph 41 of the complaint.

42. In response to the allegations set forth in paragraph 42 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

43. Deny the allegations in paragraph 43 of the complaint.

44. Deny the allegations in paragraph 44 of the complaint.

45. In response to the allegations set forth in paragraph 45 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

46. Deny the allegations in paragraph 46 of the complaint.

47. Deny the allegations in paragraph 47 of the complaint.

48. In response to the allegations set forth in paragraph 48 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

49. Deny the allegations in paragraph 49 of the complaint.

50. Deny the allegations in paragraph 50 of the complaint.

51. Deny the allegations in paragraph 51 of the complaint.

52. Deny the allegations in paragraph 52 of the complaint.

53. Deny the allegations in paragraph 53 of the complaint.

54. In response to the allegations set forth in paragraph 54 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

55. Deny the allegations in paragraph 55 of the complaint.

56. Deny the allegations in paragraph 56 of the complaint.

57. In response to the allegations set forth in paragraph 57 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

58. Deny the allegations in paragraph 58 of the complaint.

59. Deny the allegations in paragraph 59 of the complaint.

60. In response to the allegations set forth in paragraph 60 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

61. Deny the allegations in paragraph 61 of the complaint.

62. Deny the allegations in paragraph 62 of the complaint.

63. In response to the allegations set forth in paragraph 63 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

64. Deny the allegations in paragraph 64 of the complaint.

65. Deny the allegations in paragraph 65 of the complaint.

66. In response to the allegations set forth in paragraph 66 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

67. Deny the allegations in paragraph 67 of the complaint.

68. Deny the allegations in paragraph 68 of the complaint.

69. In response to the allegations set forth in paragraph 69 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

70. Deny the allegations in paragraph 70 of the complaint.

71. Deny the allegations in paragraph 71 of the complaint.

72. In response to the allegations set forth in paragraph 72 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

73. Deny the allegations in paragraph 73 of the complaint.

74. Deny the allegations in paragraph 74 of the complaint.

75. In response to the allegations set forth in paragraph 75 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

76. Deny the allegations in paragraph 76 of the complaint.

77. Deny the allegations in paragraph 77 of the complaint.

78. In response to the allegations set forth in paragraph 78 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

79. Deny the allegations in paragraph 79 of the complaint.

80. Deny the allegations in paragraph 80 of the complaint.

81. In response to the allegations set forth in paragraph 81 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

82. Deny the allegations in paragraph 82 of the complaint.

83. Deny the allegations in paragraph 83 of the complaint.

84. In response to the allegations set forth in paragraph 84 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

85. Deny the allegations in paragraph 85 of the complaint.

86. Deny the allegations in paragraph 86 of the complaint.

87. In response to the allegations set forth in paragraph 87 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

88. Deny the allegations in paragraph 88 of the complaint.

89. Deny the allegations in paragraph 89 of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

90. The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

91. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision, nor have defendants violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

92. Defendant Detective George Henges is protected by the doctrine of qualified immunity.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

93. There was probable cause for plaintiffs' arrest and detention.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

94. Plaintiffs' claims are barred, in whole or in part, by his failure to comply with the conditions precedent to suit.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

95.     Any injury alleged to be sustained resulted from plaintiffs' own culpable or negligent conduct and was not the proximate result of any act of defendants.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

96.     At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion and defendant City is, therefore, entitled to governmental immunity from liability.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

97.     At all times relevant to the acts alleged in the complaint, defendant Henges acted reasonably in the proper and lawful exercise of his discretion.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

98.     Plaintiffs' claims may be barred in part by the applicable statute of limitations.

WHEREFORE, defendants City of New York and Det. George Henges respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       June 27, 2008

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                  City of New York
                                *Attorney for Defendants City of New York and Detective George Henges*
                                100 Church Street
                                New York, New York 10007
                                (212) 442-8248

                    By:               /s/
                                MARK D. ZUCKERMAN